Rose, J.,
concurring in part and dissenting in part:
I agree with the majority opinion when, it states the law defining a limited public figure and the general legal discussion of what constitutes a fact or an opinion. I disagree, however, in the majority’s application of these principles to the facts of this case. For this reason, I concur in part and dissent in part.
Ms. Ferrante, a Reno Gazette-Journal reporter, asserted her strong opinion that Salsa Dave’s Mexican food “was definitely not the real deal” and that one entrée tasted as if it “came out of some sort of package.” These opinions are legally fair enough. However, the reporter went further and stated that she saw a can of name brand beans in the kitchen. This is not an opinion, but a cold hard fact that gives credibility to the harsh opinions stated.
Salsa Dave’s denied that they used canned beans that day and emphatically stated that there was no can of beans in sight in the kitchen. The fact that Pegasus admitted to having cans of beans in a cupboard on the premises for emergencies does not change the fact that the reporter said she saw the can, and that Salsa Dave’s adamantly denied that fact.
This creates a factual issue that should be left to a jury, and I would remand this case so that factual determinations can be made concerning the can of beans allegedly seen in the kitchen. If it were shown that the reporter was lying, a sufficient basis for malice or a reckless disregard for the truth would be shown when coupled with such facts as the Reno Gazette-Journal not having visited the restaurant a second time before writing the negative review, as was its usual practice.